**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**AXIS SURPLUS INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                            **Case No. 8:09-cv-1960-T-30AEP**

**SUPERIOR MORTGAGE SERVICES and
WESTERN HERITAGE INSURANCE
COMPANY,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Defendant Western Heritage Insurance Company's Counterclaim for Declaratory Relief (Dkt. 10) and Western Heritage's Response in opposition to same (Dkt. 13). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that Plaintiff's Motion to Dismiss Defendant Western Heritage Insurance Company's Counterclaim should be denied.

## BACKGROUND

Plaintiff AXIS Surplus Insurance Company ("AXIS"), as subrogee of Mortgage Contracting Services ("MCS"), moves to dismiss Counts I and II of Defendant Western Heritage Insurance Company's ("Western Heritage") counterclaim for declaratory relief for

failure to state an actual controversy under the Declaratory Judgment Act and for failure to state a claim upon which relief can be granted.

Plaintiff seeks coverage under the subject Policy for the payment it made to Wells Fargo allegedly as a result of the actions of Western Heritage's insured, Defendant Superior Mortgage Services, Inc. ("Superior Mortgage").[1] Count I and II of Western Heritage's counterclaim against Plaintiff denies that coverage exists for the payment Plaintiff made to Wells Fargo. Specifically, Count I alleges that there is no coverage for the subject loss under the Policy's Commercial General Liability Coverage Part because: (1) the subject loss does not involve "property damage;" (2) even if it did involve "property damage," the alleged "property damage" was not caused by an "occurrence;" and (3) the loss would otherwise be barred from coverage pursuant to the express terms of the Commercial General Liability Coverage Part's Contractual Liability exclusion.

In Count II of its counterclaim, Western Heritage alleges that there is no coverage for the subject loss under the Policy's Professional Liability Coverage part because: (1) the

---

[1] According to Plaintiff's complaint, MCS and Superior Mortgage entered into a contract in which Superior Mortgage was to provide requested property inspections and evaluation services for various foreclosed properties throughout Florida. Wells Fargo was the mortgagee and the entity for whom MCS contracted to provide the services that MCS then sub-contracted to Superior Mortgage to perform pursuant to their contract. Superior Mortgage agreed to add MCS as an additional insured on its general liability and errors and omissions insurance policy. Superior Mortgage subsequently failed to timely perform inspection services on one of the properties and the property was ultimately demolished. Based upon the demolition of the property, Wells Fargo sustained approximately $405,000 in damages and AXIS made a payment to Wells Fargo in the agreed amount of $202,500 for those damages to protect its interest and the interest of its insured, MCS.

Policy's Professional Liability Coverage Form does not include a Description of Hazards[2] and (2) the loss would otherwise be barred from coverage pursuant to the express terms of the Professional Liability Coverage Part's Contractual Liability exclusion.

For the reasons set forth herein, the Court finds that Counts I and II of Western Heritage's counterclaim are sufficient to withstand a motion to dismiss.

## DISCUSSION

### I. Motion to Dismiss Standard

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

---

[2] In its response, Western Heritage agrees to strike paragraphs 23 and 24 of its counterclaim (Dkt. 13). Thus, these paragraphs are deemed stricken by the Court.

cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**II.     Analysis**

Plaintiff's motion to dismiss Western Heritage's counterclaim relies, almost exclusively, on Plaintiff's version of the facts, and ignores bedrock law that at the motion to dismiss stage, the Court must assume the truth of the claim's allegations. Plaintiff moves to dismiss Count I because Plaintiff states that its payment to Wells Fargo was based on the demolition of a home due to Superior Mortgage's actions. However, as Western Heritage correctly notes, "the basis of Plaintiff's legal obligation to pay Wells Fargo, if any exists, is plainly a disputed issue of law and/or fact that is not ripe for resolution on a motion to dismiss." (Dkt. 13). Similarly, on a motion to dismiss, it would be inappropriate for the Court to make a finding as to the cause of the loss at issue in this case, and whether that loss constitutes an "occurrence" under the Policy. It would also be inappropriate for the Court to make a finding as to whether the Mortgage Field Services Agreement between MCS and Superior Mortgage is an "insured contract" under the Policy. Accordingly, Plaintiff's motion to dismiss Count I must be denied.

Count II similarly states a claim upon which relief may be granted. Western Heritage alleges that to the extent that Superior Mortgage assumed liability under the contract for any damages paid by AXIS on behalf of MCS as a result of Superior Mortgage's own negligent acts or omissions, such damages would be barred from coverage by the Professional Liability Coverage Form's Contractual Liability Exclusion. Plaintiff moves to dismiss this claim, arguing that the "liability" arises from Superior Mortgage's error or omission in the rendering of professional services, rather solely from breach of some voluntarily assumed contractual obligation to provide insurance coverage and indemnification for its negligence. Plaintiff then cites to cases citing the proposition that exclusion for liability assumed by the insured pursuant to contract does not apply to bar coverage. However, not one of these cases are motion to dismiss cases.

Simply put, all of Plaintiff's arguments are appropriate for the summary judgment stage, after the parties have ferreted out the facts and developed a record, not the motion to dismiss stage, where the Court's hands are tied to accept all the factual allegations in the claim as true and evaluate all inferences derived from those facts in the light most favorable to the non-moving party. Accordingly, Plaintiff's motion to dismiss Count II must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Dismiss Defendant Western Heritage Insurance Company's Counterclaim for Declaratory Relief (Dkt. 10) is hereby **DENIED.**

2. Plaintiff shall file an answer to Defendant Western Heritage's counterclaim no later than fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1960.mtdismiss.frm